Commonwealth *v.* Miller, Appellant.

172

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Andrea C. Levin* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Geoffrey H. Keppel, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., February 27, 1975:

The appellant was found guilty by a jury of forcible rape, burglary, aggravated robbery, assault and battery, aggravated assault and battery, and assault and battery with intent to murder. Both at pre-trial motions and at trial the appellant refused the services of the voluntary defender and demanded that the court appoint private counsel. The court denied appellant's request and after warning the appellant of the seriousness of his refusal of the services of the voluntary defender proceeded with the trial. During the trial the appellant neither cross-examined the Commonwealth's witnesses nor offered any defense. After the verdict was returned the appellant stated that he wanted to appeal. The trial judge accepted this statement as the equivalent of an oral motion for a new trial and in arrest of judgment

and told the appellant that he would be given the opportunity to file formal additional requests after the notes of testimony had been transcribed. The appellant never filed such motions and instead a direct appeal was taken raising several issues outside the scope of the oral motions. The appellant is represented in this appeal by the voluntary defender.

Generally, an issue not raised in post-verdict motions will not be considered on appeal, even though the issue was raised at pre-trial proceedings or during trial. *Commonwealth v. Reid,* 458 Pa. 357, 326 A. 2d 267 (1974); *Commonwealth v. Bittner,* 441 Pa. 216, 221 (1971); *Commonwealth v. Myers,* 439 Pa. 381, 384-385 (1970), and cases cited therein. The Pennsylvania Supreme Court recently discussed this problem in *Commonwealth v. Coleman,* 458 Pa. 112, 327 A. 2d 77, 78-79 (1974) stating: "Post-verdict motions serve the dual function of allowing the trial court to rectify errors which may have been committed at trial, and of framing and clarifying the issues to be considered should there be an appeal. Because such motions are a critical step in the post-conviction review process, we will scrutinize closely any waiver of the right to file them in order to ensure that the defendant has acted voluntarily and with a full understanding of his rights. *See, e.g.,* Commonwealth v. Littlejohn, 433 Pa. 336, 250 A. 2d 811 (1969); Commonwealth ex rel. Robinson v. Myers, 427 Pa. 104, 233 A. 2d 220 (1967); Commonwealth ex rel. Fink v. Rundle, 423 Pa. 133, 222 A. 2d 717 (1966). On the other hand, as we said in Commonwealth v. Wallace, 427 Pa. 110, 113, 233 A. 2d 218, 220 (1967), 'a defendant, who deliberately and knowingly chooses to bypass the orderly state procedures afforded one convicted of a crime for challenging his conviction, is bound by the consequences of that decision.' *See also* Commonwealth v. Bolognese, 428 Pa. 405, 239 A. 2d 307 (1968); Commonwealth ex rel. Harbold v. Rundle, 427 Pa. 117, 233 A. 2d 261

(1967) ; Commonwealth ex rel. Harbold v. Myers, 417 Pa. 358, 207 A. 2d 805 (1967)."

In light of the above cases we cannot now on direct appeal consider the issues which appellant raises. Neither can we dismiss the issues as waived because *Coleman*, supra, requires that the decision not to file post-verdict motions must be a deliberate, intelligent and voluntary act. To determine if such a decision was deliberate, intelligent and voluntary we must review the post-verdict proceedings. The trial judge at that stage of the proceedings is required by Rule 1123(c) of the Pennsylvania Rules of Criminal Procedure to advise the defendant on the record of certain matters pertaining to post-verdict motions set forth in Rule 1123(c) : "(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a) ; and (3) that only the grounds contained in such motions may be raised on appeal." Unfortunately in this case the post-verdict colloquy fails to comply with Rule 1123 (c), and more specifically it fails to comply with Rule 1123(c)(3) which warns the defendant that if he fails to raise a certain issue in post-verdict motions that issue cannot be raised on appeal. Therefore, we are forced to conclude that the appellant's decision not to file post-verdict motions was not a deliberate, intelligent and voluntary act.

We are now faced with an appellant whose issues cannot be considered on appeal because he failed to raise such issues in post-verdict motions and who, at the same time, cannot be said to have deliberately, intelligently and knowingly decided not to file post-verdict motions because of the trial judge's failure to comply with Rule

1123(c). A similar situation existed in the case of *Commonwealth v. Dimitris*, 231 Pa. Superior Ct. 469 (1974). There the case was remanded to the lower court in order for it to comply with Rule 1123(c) and to allow the appellant to file post-verdict motions nunc pro tunc. If the appellant, after being advised on the record of the items contained in Rule 1123(c), then fails to file post-verdict motions, such failure could then be considered a deliberate, intelligent and voluntary act.

Therefore this case is remanded to the trial court for the purpose of compliance with Rule 1123(c) and to thereafter allow the appellant to file post-verdict motions nunc pro tunc if he elects to do so.

Case remanded with procedendo.