375 A.2d 342

**COMMONWEALTH of Pennsylvania**

v.

**William C. ERHART, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 16, 1975.

Decided June 29, 1977.

Richard W. Webb, Assistant Public Defender, Jim Thorpe, for appellant.

Murray Mackson, Palmerton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, William C. Erhart, was charged with forgery and receiving stolen goods. Prior to trial, he moved for a dismissal of all charges, alleging a violation of Rule 1100 of the Pennsylvania Rules of Criminal Procedure. He claimed he had not been brought to trial within the required 180 day period mandated by the Rule. The Commonwealth answered the motion, claiming that appellant could not be located after the complaint was filed and thus to be deemed "unavailable" within the meaning of Rule 1100.

The lower court denied the appellant's dismissal motion. At trial on April 14, 1975, Erhart was convicted of both forgery and receiving stolen goods charges. Following conviction, the appellant's attorney made an oral motion for a new trial and a motion in arrest of judgment. He was asked

by the trial judge if he was going to file a motion for a new trial. To this inquiry counsel replied, "I think it will be more in the nature of a motion for arrest of judgment. I don't believe the defendant should come to trial in the first place, much less have a second trial". The oral motion in arrest of judgment was argued then and there (counsel again arguing the Rule 1100 issue) and was denied by the court. No written post-trial motions for either a new trial or in arrest of judgment were ever filed.

The trial and post-trial motions in this case followed the decision of the Pennsylvania Supreme Court in *Commonwealth v. Blair*, 460 Pa. 31, N. 1, 331 A.2d 213, N. 1 (filed January 27, 1975), and we cannot therefore consider claims not raised in written post-trial motions. See Pennsylvania Rule of Criminal Procedure 1123(a); *Commonwealth v. Bailey*, 463 Pa. 354, 344 A.2d 869 (1975). In view of the non-compliance by appellant with the requirements of Rule 1123 and the recent holdings of our Supreme Court, we cannot consider the Rule 1100 issue to have been adequately preserved for appellate review.

Affirmed.

HOFFMAN, J., files a concurring opinion in which CERCONE and SPAETH, JJ., join.

PRICE, J., files a concurring opinion in which JACOBS, J., joins.

SPAETH, J., files a concurring opinion.

HOFFMAN, Judge, concurring:

The Majority concludes that appellant waived his claim under Rule 1100, Pa.R.Crim.P., 19 P.S. Appendix, because he failed to file written post-verdict motions pursuant to Rule 1123(a), Pa.R.Crim.P. 19 P.S. Appendix. I conclude that appellant's counsel properly preserved the Rule 1100 contention by complying with Rule 1123(b). Accordingly, I find it

necessary to reach the merits of appellant's substantive claim. Because Rule 1100 was not violated in this case, I concur in the result reached by the Majority.

Before addressing the specific facts of this case, I will explain my conception of the way Rule 1123 operates. Because this task requires an appreciation of the interrelationships between the rule's various sections, I reproduce below sections (a), (b), and (c) in their entirety:

"(a) Within seven (7) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued. If the grounds asserted do not require a transcript, neither the filing nor argument of post-verdict motions shall be delayed for lack of a transcript of the notes of testimony.

"(b) If the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial. The defendant may also within the seven (7)-day period on the record voluntarily and understandingly waive the filing of post-verdict motions. Prior to the acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record that his waiving of post-verdict motions shall preclude his raising on appeal any issues which might have been raised in such motions.

"(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal."

Surprisingly, a proper interpretation of Rule 1123 requires that sections (a), (b), and (c) be considered in reverse order.

After a finding of guilt is returned, Rule 1123(c) mandates that the trial judge advise the defendant of his right to file post-verdict motions and to have the assistance of counsel. Most importantly, the judge must inform the defendant of the consequences of failing to file post-verdict motions. Rule 1123(c)(3).

Rule 1123(b) now comes into play. The trial judge should ask the defendant and his counsel whether they wish to make oral post-verdict motions. If counsel makes oral motions and does not reserve the right to file further written motions pursuant to Rule 1123(a), the trial judge should secure the defendant's agreement to this procedure. This safeguard is necessary to ensure that the defendant does not unwittingly waive his right to file written post-verdict motions. Prior to obtaining defendant's agreement to the making of oral motions, the trial judge should advise defendant that his consent will constitute a waiver of his right to file written post-verdict motions on other issues and, consequently, to appeal on those issues.[1] If oral post-verdict motions are not made, the trial judge should ask the defendant and counsel whether they plan to file written post-verdict motions within seven days pursuant to Rule 1123(a). If either defendant or his counsel desires to do so, he should reserve the right to file motions under Rule 1123(a). If, however, defendant does not desire to file either oral or written post-verdict motions, the trial judge should determine whether defendant voluntarily and understandingly waives his right to file these motions. As a prerequisite to accepting a waiver, the trial judge should reiterate the consequences of the waiver to defendant.

1. If the trial court accepts the making of oral post-verdict motions by counsel without informing the defendant of the consequences and securing his personal consent, then the defendant will not be precluded from filing additional motions pursuant to Rule 1123(a). If, however, the trial court has fully complied with Rule 1123(c) and defendant does not file these additional written motions within seven days after the verdict, then he will have waived his Rule 1123(a) rights. *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

If defendant or counsel reserves the right to file written post-verdict motions, Rule 1123(a) finally comes into play.[2] Within seven days from the determination of guilt, defendant or counsel can file written post-trial motions alleging specific errors at trial and the lower court will schedule and hold hearings on these contentions. At any time within this seven day period, the defendant may knowingly and voluntarily waive his right to file written post-verdict motions, but such a waiver must be made on the record and by the defendant personally.

In the case at bar, the trial judge and appellant's counsel engaged in the following interchange:

"THE COURT: In view of the testimony presented, we find the defendant 'guilty'. Is there anything that the defendant would like to argue? I'm sorry—I should have given you this opportunity before.

"MR. WEBB: No—I would just again renew—I'd ask for a motion for a new trial and I am specifically here for a motion in arrest of judgment—again, for violation of Rule 1101 [sic]: failure to bring the defendant to trial within 180 days from the time the Complaint was filed.

"THE COURT: Are you going to file a motion for a new trial?

"MR. WEBB: I think it will be more in the nature of a motion for arrest of judgment. I don't believe the defendant should come to trial in the first place, much less have a second trial.

"THE COURT: We will act upon your motion in arrest of judgment immediately—unless you'd like to argue it. Do you wish to argue on the motion in arrest of judgment.

**2.** If the trial court does not follow the proposed colloquy, then a defendant will be free to file written post-verdict motions pursuant to Rule 1123(a) regardless of whether or not either counsel or defendant reserved the right to file written post-verdict motions. I agree with Judge PRICE that a defendant always has the right to file written post-verdict motions pursuant to Rule 1123(a) unless he specifically waives that right.

"MR. WEBB: My argument is going to be the same as it was at the motion hearing—that the defendant was available at all times. He was in the custody of the Commonwealth's Officers and they waited, in this case, much longer than 180 days in which to bring him to trial.

"THE COURT: We've already ruled on that and we'd deny your motion in arrest of judgment for the same reason—that we held that the 180 Day Rule was not violated. In that fashion, you can appeal from our decision. If we postpone this action on our part, it means merely delaying your right to take an appeal. You have to have a judgment of sentence before an appeal is in order. If that's the basis for your motion in arrest of judgment, we will rule on it now.

"MR. WEBB: That is my stand, Your Honor.

"THE COURT: I'm going to defer sentence because I do want to get the defendant's record. I do want to know more about him. I do want to know what he's been sentenced for and what his sentences are." The above excerpt from the record reveals that the lower court failed to comply with Rule 1123(c) by not advising appellant of his right to file post-verdict motions and to appeal on the grounds raised therein.[3] Appellant's counsel, however, did make an oral post-verdict motion on the record at the conclusion of trial based on the Rule 1100 claim. The trial court did not obtain appellant's agreement to this motion. I believe that this oral post-verdict motion properly preserved the Rule 1100 claim for appellate review, despite the lack of express consent on the record by appellant to the making of the motion. See *Commonwealth v. Ruckinger*, 239 Pa.Super. 520, 362

3. This omission in itself is a serious error which may require relief for a defendant. A defendant cannot make informed decisions about filing oral or written post-trial motions if he does not appreciate the importance of these motions and the consequences that befall those who ignore them. Cf. *Commonwealth v. Miller*, 232 Pa.Super. 171, 335 A.2d 528 (1975). Section (c) may be the heart of Rule 1123; if it is not followed, then perhaps the other sections should stop operating as well. I pose this question, but do not answer it at this time because I am convinced that appellant properly preserved his Rule 1100 claim.

A.2d 317 (Filed March 29, 1976), in which we explicitly stated that oral post-verdict motions made at the conclusion of trial pursuant to Rule 1123(b) preserved appellant's claims. See also *Commonwealth v. Bhojwani,* 342 Pa.Super. 406, 364 A.2d 335 (Filed Sept. 27, 1976). Because the trial court did not secure appellant's consent to counsel's oral post-verdict motions, appellant was not precluded from filing written post-verdict motions pursuant to Rule 1123(a). Moreover, the trial court's failure to secure appellant's consent does not deter us in any way from reviewing the claims made in the oral post-verdict motions made on the record at the conclusion of trial. We cannot punish appellant by an overly literal insistence on the words of Rule 1123(b); these words were inserted to protect, not defeat, a defendant's appellate rights. A waiver of such invaluable rights should not be presumed from a silent record. Cf. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Commonwealth v. Cornitcher,* 447 Pa. 539, 291 A.2d 521 (1972); *Commonwealth v. Swain,* 237 Pa.Super. 322, 354 A.2d 256 (1975).

Finally, I do not believe that *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975), prevents our review of appellant's claims. In *Blair,* the Supreme Court made the following comment in a footnote:

"Appellant's written post-trial motions were boiler plate challenges to the sufficiency of the evidence. Although counsel apparently made more specific oral motions that were considered by the court, the Pennsylvania Rules of Criminal Procedure, rule 1123(a), 19 P.S.Appendix, requires written post-trial motions.

"The practice in some judicial districts of ignoring the requirements of Rule 1123(a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial and appellate courts."

460 Pa. at 33, 331 A.2d at 214. As is evident from the above quotation, *Blair* involved interpretation and enforce-

ment of Rule 1123(*a*); The Supreme Court did not address the applicability or construction of Rule 1123(*b*). We should not presume that the Supreme Court meant to obliterate Rule 1123(b) entirely without giving a hint of its intention to do so. See *Commonwealth v. Ruckinger, supra.* This conclusion derives support from a practical consideration. In *Blair,* the Supreme Court disapproved the practice of filing oral post-verdict motions subsequent to trial; without specific errors alleged in a writing, appellate courts would have a difficult time determining whether issues had been preserved for review. Cf. *Commonwealth v. Hilton,* 461 Pa. 93, 334 A.2d 648 (1975). Rule 1123(b), however, requires that oral post-verdict motions be made on the record at the conclusion of trial. Thus, the appellate court can determine exactly what issues were raised and properly preserved. Construing *Blair* to abolish Rule 1123(b) would serve no practical purpose,[4] and would work considerable prejudice to defendants whose counsel reasonably relied on that section's explicit provisions.[5] Accordingly, I would hold that appellant has properly preserved his Rule 1100 claim and that we are obligated to confront the merits of that issue.

On August 28, 1974, the Palmerton (Carbon County) police department filed a complaint charging that appellant re-

4. The policies underlying waiver rules are outlined in *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974). These policies include bringing errors promptly to the lower court's attention so that they may be quickly corrected, making a complete record, and deterring trial counsel from relying on an appellate court to bail out his poor performance at trial. *Commonwealth v. Throckmorton,* 241 Pa.Super. 62, 359 A.2d 444 (1976). Rule 1123 and "[p]ost-verdict motions serve the dual function of allowing the trial court to rectify errors which may have been committed at trial, and of framing and clarifying the issues to be considered should there be an appeal." *Commonwealth v. Miller, supra,* 232 Pa.Super. at 174, 335 A.2d at 530. Rule 1123(b) in no way frustrates these policies. Abolishing Rule 1123(b) frustrates appellate rights without serving any practical or important goal of efficient judicial administration.

5. A good example of reasonable reliance can be found in the instant case. The lower court strongly advised appellant's counsel to make his motion at the conclusion of trial so that appellant's right to take an appeal would not be delayed.

ceived stolen property[6] and committed forgery.[7]   At that time, the Palmerton police did not know the whereabouts of appellant.   One officer contacted the police department of Williamstown, New Jersey, the last known address of appellant, and learned that appellant was living somewhere in Pennsylvania.   The officer then consulted the Pennsylvania State Police and an intermunicipal police group;   neither organization could supply any helpful information.   On October 14, 1974, the officer read in a newspaper that a Mr. Erhart was in the Monroe County Jail.   He then had a magistrate forward the complaint to the Sheriff of Monroe County who served appellant on October 16, and made the return to the magistrate on October 21.   In November, 1974, appellant was transferred to the Northampton County Jail. On December 3, 1974, a Palmerton police officer travelled to this location and identified appellant as the man the department was seeking.   On March 21, 1975, appellant filed a petition to dismiss the prosecution for failure to comply with Rule 1100(a)(2).   After a hearing on April 11, 1975, the petition was denied and trial commenced on April 14, 1975. Appellant was convicted of the above charges.   After oral post-verdict motions were made and denied, appellant was sentenced.   This appeal followed.

Rule 1100(a)(2) provides that "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."   According to Rule 1100(d), however, any period of delay resulting from the unavailability of the defendant shall be excluded in determining the period for commencement of trial.   The Comment to Rule 1100 explains that "the defendant should be deemed unavailable for any period of time during which he could not be apprehended because his whereabouts were unknown and could not be determined by due diligence."   Therefore, I must determine the date on

6.   The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1;   18 Pa.C.S. § 3925.

7.   The Crimes Code, supra;   18 Pa.C.S. § 4101.

which the Commonwealth could have located appellant by due diligence and then ascertain whether appellant's trial commenced within 180 days from that date. More specifically, if appellant could not have been located by the exercise of due diligence before October 16, 1974, the 180th day before the commencement of the trial, then Rule 1100 was not violated.

The lower court found that the Palmerton police made reasonable efforts to locate appellant prior to October 14, by contacting the Williamstown, New Jersey police, the Pennsylvania State Police and the intermunicipal police group. After reading the newspaper article on October 14, the Palmerton police knew that appellant *might be* in the Monroe County Jail; they promptly took the reasonable step of having the magistrate send the complaint to the Sheriff of Monroe County for service upon the Mr. Erhart supposedly in the Monroe County Jail. Only after the service of the complaint by Monroe County officials, on October 16, 1974, did the Palmerton police know that a William Erhart was in fact in Monroe County Jail. I agree with the lower court's specific finding that the Palmerton police acted with due diligence in attempting to locate appellant.

Therefore, I concur in the result reached by the Majority in this case.

CERCONE and SPAETH, JJ., join in this concurring opinion.

PRICE, Judge, concurring:

In my view the appellant herein has properly preserved, under Pa.R.Crim.P. 1123(b), his claim that he was convicted in violation of Pa.R.Crim.P. 1100. Upon reaching the merits of appellant's claim, I find that Rule 1100 was not contravened in this case, and therefore I would affirm the judgment of sentence. I am in agreement with Judge Hoffman's analysis of the Rule 1100 issue presented in this appeal, but because of our differing views on the operation and effect of Rule 1123, I find it necessary to make some separate observations.

Pa.R.Crim.P. 1123(b) states that "[i]f the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial." Judge Hoffman would place responsibility on the trial judge to solicit the defendant's consent to such a procedure and to ensure that this consent appears on the record. Otherwise, he would not hold the defendant to be limited, on appeal, to the orally raised post-trial claims. My position, which I have also indicated in my concurring opinion in *Commonwealth v. Kinsey,* 249 Pa.Super. ——, 375 A.2d 727 (1977), is that the effect of oral post-trial motions entered under Pa.R.Crim.P. 1123(b) is determined by the trial court's compliance or failure to comply with Pa.R.Crim.P. 1123(c). This section directs that:

"(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal."

If the defendant has been properly advised of his post-trial rights under Rule 1123(c) and, by counsel, proceeds to make oral post-trial motions, I would find the arguments raised in said motions to be preserved for appeal and any claims not so raised to be waived.[1] I do not view this analysis as working a presumption of waiver of appellate rights from a silent record. The information which the trial judge must convey to the defendant under Rule 1123(c) is not legally esoteric. Where the record reflects that the defendant was thus properly informed, the subsequent entry of oral post-trial motions may legitimately be regarded as "a deliberate, intelligent and voluntary act." *Commonwealth v. Coleman,* 458 Pa. 324, 326, 327 A.2d 77, 79 (1974).

1. This statement presumes a situation where oral post-trial motions are the *only* post-trial motions, filed in compliance with Rule 1123, of record. *See* discussion in text, *infra.*

Clearly, however, in the absence of trial court compliance with Rule 1123(c), where the defendant seeks, on appeal, to raise an issue not properly preserved post-trial, no waiver theory may be applied. This is equally true where no post-trial motions of any kind have been entered and where inadequate oral motions have been made. In either of these situations, the proper remedy is to remand to the court below for compliance with Rule 1123(c) and the filing of proper post-trial motions. *Commonwealth v. Miller,* 232 Pa.Super. 171, 335 A.2d 528 (1975); *Commonwealth v. Dimitris,* 231 Pa.Super. 469, 331 A.2d 701 (1974).

In his opinion, Judge Hoffman states that "[p]rior to obtaining defendant's agreement to the making of oral motions, the trial judge should advise defendant that his consent will constitute a waiver of his right to file written post-verdict motions on other issues and, consequently, to appeal on those issues." (485). Initially, I must observe that Rule 1123 does not *require,* in this instance, repetition of information already conveyed to the defendant under 1123(c). Further, I do not agree that, absent a reservation of the right to file written motions, a defendant's consent to oral post-trial motions necessarily constitutes a waiver of the right to file written motions within the seven day period allotted under 1123(a). The rule certainly does not, on its face, compel this result. Rule 1123(b) provides, *inter alia,* that "[i]f the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial." Admittedly this language seems to depict an alternative which once elected, is exclusive. Case law under the prior rule, however, was arguably to the contrary. In *Commonwealth v. Blum,* 210 Pa.Super. 529, 233 A.2d 613 (1967), this court held that a defendant who had made a knowing and intelligent, counselled waiver of her right to file post-trial motions and had been sentenced could, within the period provided under the rule, change her mind and file such motions. Although the facts in *Blum, supra,* would not control a case where a defendant made oral post-trial motions and sought, within the seven day period, to file addi-

tional or amended written motions, such a procedure would offer not more, but almost certainly less inconvenience to the court and interference with proper post-trial procedure.

The instantly effective Rule 1123 changed the law as found in *Blum, supra,* in that "[t]he defendant may also within the seven (7)-day period on the record voluntarily and understandingly waive the filing of post-verdict motions." If a defendant can waive post-verdict motions altogether, reason dictates that he may also, having chosen to make oral motions, waive the right to file additional written motions within seven days. A waiver of this right would not occur *automatically* upon the defendant's election of oral post-trial motions, but would result where waiver of further motions was expressly indicated to the defendant as a consequence of his choice and considered as a factor therein,[2] or in situations where the defendant opted for oral motions in order to secure immediate imposition of sentence. In the latter case the defendant, having deliberately sought sentencing, could not thereafter reasonably seek to have the trial court reconsider its decision on different grounds.

It is my view, based on the foregoing analysis, that a defendant does not need to reserve the right to file post-trial motions under Rule 1123(a) within seven days after the verdict. Rather, a defendant always has this right unless he specifically waives it. As a matter of sound practice, however, I agree with Judge Hoffman's suggestion that defendant's counsel should inform the court of his plans in regard to the filing of post-trial motions or, lacking this, that the court should make inquiry. Such a procedure would alleviate many potential appellate problems.

Judge Hoffman further observes that "[i]f . . . defendant does not desire to file either oral or written post-

2. Thus, assuming that trial courts were to adhere uniformly in oral post-trial motion cases to Judge Hoffman's recommended colloquy, set forth in text, *supra,* waiver of written motions could arguably occur in all cases, as he maintains. I express no opinion, however, as to the desirability or legal efficacy of making a defendant's ability to argue oral post-trial motions contingent upon his waiver of the right to file written post-trial motions.

verdict motions, the trial judge should determine whether defendant voluntarily and understandingly waives his right to file these motions. As a prerequisite to accepting a waiver, the trial judge must reiterate the consequences of the waiver to defendant." (485). The first of these statements comports with the language of Rule 1123(b) that a defendant may "knowingly and understandingly" waive post-verdict motions. The second pronouncement, however, is not supported by the rule. Rule 1123(b) specifies, *inter alia,* that:

"Prior to the acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record that his waiving of post-verdict motions shall preclude his raising on appeal any issues which might have been raised in such motions."

It is apparent that the trial court's compliance with Rule 1123(c), prior to acceptance of the defendant's waiver, would meet the above-stated requirement. I see no necessity that the Rule 1123(c) information be *reiterated* prior to acceptance of a waiver, and can discern nothing in the rule to compel this result. The trial court should, of course, make whatever inquiries are necessary to assure and establish on record the informed and voluntary nature of the defendant's act. I merely wish to point out that the rule does not require a repeated warning, and that it would be totally unwarranted for an appellate court to overturn an otherwise valid waiver on this basis.

I concur in the affirmation of the judgment of sentence.

JACOBS, J., joins in this concurring opinion.

SPAETH, Judge, concurring:

I join Judge HOFFMAN's concurring opinion. However, I do not agree with the following, at page 485 of the opinion:

If oral post-verdict motions are not made, the trial judge should ask the defendant and counsel whether they plan to file written post-verdict motions within seven days pursuant to Rule 1123(a). If either defendant or his

counsel desires to do so, *he should reserve the right to file motions under Rule 1123(a).*

(Emphasis added.)

I am apprehensive that this may be read as implying that if a defendant or his counsel does not "reserve," the right to file is waived. Rule 1123(a) grants the right to file post-verdict motions within seven days, without requiring any act of a defendant or his counsel beyond the filing of the motions; no reservation is required. I nevertheless agree that it would be wise, as well as polite, to inform the court that the defendant intends to file written motions.