378 A.2d 963

**COMMONWEALTH of Pennsylvania**

v.

**Fred BROOKS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1976.

Decided Oct. 6, 1977.

S. G. Pollock, Philadelphia, with him Michael J. Stack, Jr., Philadelphia, for appellant.

Maxine J. Stotland and Steven H. Goldblatt, Assistant District Attorneys, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant, Fred Brooks, was indicted on the charges of robbery,[1] involuntary deviate sexual intercourse,[2] aggravated assault,[3] corruption of minor,[4] criminal conspiracy,[5] resisting arrest,[6] kidnapping,[7] and rape[8] pursuant to his involvement in an incident which occurred on October 14, 1973.

The appellant waived his right to be tried by a jury and his trial began on October 2, 1975. At the conclusion of the trial adjudication was deferred until November 13, 1975.

1. The Crimes Code, 1972 Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 3701.
2. The Crimes Code, 1972 Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 3123.
3. The Crimes Code, 1972 Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 2702.
4. The Crimes Code, 1972 Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 3125.
5. The Crimes Code, 1972 Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 903.
6. The Crimes Code, 1972 Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 5104.
7. The Crimes Code, 1972 Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 2901.
8. The Crimes Code, 1972 Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 3121.

The trial court on that date sustained demurrers to the charges of robbery, rape and involuntary deviate sexual intercourse. Appellant was found not guilty of criminal conspiracy and kidnapping by threat and deception. The Commonwealth nolle prossed the charge of resisting arrest following guilty verdicts on the charges of aggravated assault and corruption of minor. Defense counsel made oral post-verdict motions which included a motion in arrest of judgment and a motion for a new trial on the grounds that the evidence was insufficient to support the verdict and certain res gestae statements were improperly admitted. These motions were denied on November 13, 1975, at which time sentence was imposed. Appellant was sentenced to serve not less than one year nor more than two years in a state correctional institution on the charge of corruption of a minor. This sentence was to run concurrent with the sentence of not less than three and a half years nor more than seven years in a state correctional institution on the charge of aggravated assault. From judgment of sentence, appellant appealed to this Court.

On October 14, 1973, a radio call went out directing officers in the vicinity to report to 1223 Susquehanna Avenue. Officers Ryder and Adams of the Philadelphia Police Department were the first to appear on the scene. They both testified that they entered what appeared to be a vacant building and commenced a search of the premises. In the front room of the third floor, the officers observed a young female completely disrobed except for a pair of socks getting up off the floor. Shortly after observing the young lady, the officers saw the appellant standing in the same room off to the side and starting to leave. The appellant's shirt was open and the zipper of his pants was down. He was apprehended at that time. One of the officers testified that he was standing with the young lady while she was getting dressed when the appellant, in the custody of the police, was brought back into the room. Upon seeing the appellant, the victim stated, "He hurt me". He was subsequently placed in a patrol wagon and transported to the

North Central Detective Division where he was charged with the crimes resulting in his indictments.

Although the appellant was arrested on October 14, 1973, the date of the incident, the complaint was not filed until October 22, 1973. Bail was set at $50,000 which appellant was unable to post. On numerous occasions the case was called to trial, but for reasons, some explained some not, the trial did not actually begin until October 2, 1975. However, on March 10, 1975, defense counsel made oral motions challenging the identification, arrest, and search and seizure. Also at that time an oral motion was made requesting that all of the charges against appellant be dismissed. The basis for this request was that the Commonwealth had failed to bring the appellant to trial within the statutory time limit set forth in Rule 1100 [9] of the Pennsylvania Rules of Criminal Procedure. Arguments were presented to the trial court both in support of the motion to dismiss the charges and in opposition to the motion. Counsel and the court proceeded by examining each of the entries on the court docket to determine which continuations should be counted in the number of days within which appellant had to be brought to trial and which continuations had to be excluded.[10] At no time during the entire proceedings did the Commonwealth

**9.** Rule 1100. Prompt Trial.

(a)(1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

(f) At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant.

**10.** Rule 1100. Prompt Trial.

(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant or his attorney;

(2) any continuation in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.

apply for an extension of time.[11] There were approximately seventeen docket entries. Some of the reasons listed appeared to be legitimate requests for continuations. However, some of the entries had absolutely no notation regarding why the case was continued and others contained notations that made it impossible to determine whether the request was made on behalf of the Commonwealth or on behalf of appellant. Examples of such are that on November 6, 1974, the entry simply reads "For status of defense attorney's trial", and the case was continued to November 8, 1974; on January 6, 1975 the block is stamped "both sides ready", however, the case was not called and no notation was entered on the docket. Many of the entries stated "Attorney on trial", but did not distinguish between whether it was defense counsel or the attorney for the Commonwealth. In the middle of the colloquy to figure out what exactly happened on each day that the case was continued, the trial court interjected that "[t]his is terrible, the way these blocks are not marked in". However, the parties and the court persevered and the ruling on the motion was made.

In the record there is a brief colloquy relating to the issue of prompt trial as follows:

THE COURT: It would seem to me—assuming that is the case—that time should be neutralized, but it would not, it seems, run against the Commonwealth, and perhaps not against you, but just sort of sitting in limbo.

I haven't made a calculation. It may be one or the other of you gentlemen have won this ballgame without anything further.

MR. JOHNSON: I count 360 days up to October, 1974.

11. Rule 1100. Prompt Trial.
(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

THE COURT: I will tell you right now, counsel is quite right. The vast majority of these have your motions for being on trial.

This court will deny your motion, Mr. Johnson.

This particular motion to discharge the appellant was made in March of 1975. However, the trial did not actually begin until approximately seven months later, on October 2, 1975. On the first day of trial, the same defense counsel made a second oral motion to have all of the indictments dismissed and appellant discharged. A small discussion was held between the court, defense counsel and the prosecutor after which the motion was denied. At the conclusion of the trial, the court deferred adjudication and sentencing until November 13, 1975. On that date, appellant was found guilty of aggravated assault and corruption of a minor and sentenced.

On appeal, appellant raises a number of issues for our review. Some of the issues presented at this time were not raised at the conclusion of the trial during post-verdict motions. Rule 1123 of the Pennsylvania Rules of Criminal Procedure states:

(a) Within seven (7) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which are raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued. If the grounds asserted do not require a transcript, neither the filing nor the argument of post-verdict motions shall be delayed for lack of a transcript of the notes of testimony.

The above section of Rule 1123 grants a defendant the absolute right to file motions at the conclusion of the trial and to raise any pretrial or trial issues he deems proper at the time he files his written motions. Rule 1123(a) specifically states that he has the right to file written motions.

However, Rule 1123(b) does not limit appellant to filing written motions.

(b) If the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial. The defendant may also within the seven (7) day period on the record voluntarily and understandingly waive the filing of post-verdict motions. Prior to the acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record that his waiving of post-verdict motions shall preclude his raising on appeal any issues which might have been raised in such motions.

In the instant case, oral motions were made by defense counsel immediately following the verdicts. However, before the defendant can agree to having oral motions made or to waive the filing of written motions, Rule 1123(c) makes it mandatory that the court advise him of his rights.

(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal.

One of the requirements of Rule 1123(c) is that the defendant be advised that if he fails to raise an issue in post-verdict motions he will be precluded from raising it on appeal. "Generally, an issue not raised in post-verdict motions will not be considered on appeal, even though the issue was raised at pre-trial proceedings or during trial. *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974); *Commonwealth v. Bittner*, 441 Pa. 216, 221, 272 A.2d 484 (1971); *Commonwealth v. Meyers*, 439 Pa. 381, 384–385, 266 A.2d 756 (1970)". *Commonwealth v. Miller*, 232 Pa.Super. 171, 174, 335 A.2d 528, 529–30 (1975). In *Commonwealth v. Coleman*, 458 Pa. 324, 327 A.2d 77 (1974), the court emphasized the importance of complying with Rule 1123 when it stated at 458 Pa. at 325–326, 327 A.2d at 78.

Post-verdict motions serve the dual function of allowing the trial court to rectify errors which may have been committed at trial, and of framing and clarifying the issues to be considered should there be an appeal. Because such motions are a critical step in the post-conviction review process, we will scrutinize closely any waiver of the right to file them in order to ensure that the defendant has acted voluntarily and with a full understanding of his rights.

However, appellant argues that he should not be precluded from raising his arguments on appeal because he was denied effective assistance of counsel. In support of this claim he contends that trial counsel (1) failed to adequately advise him of his right to file written post-verdict motions, (2) counsel failed to file written post-verdict motions and (3) counsel failed to preserve issues for appeal. Although we may not consider all of the issues presented by appellant in this appeal, *Commonwealth v. Miller*, 232 Pa.Super. 171, 335 A.2d 528 (1975), we are not precluded from considering the issue of effectiveness of counsel.

The effectiveness of trial counsel will therefore be considered on appeal despite the fact that the issue was not advanced in the trial court, provided that it has not been waived at any time after the termination of the representation of the defendant by the lawyer whose effectiveness has been questioned. (footnote omitted). *Commonwealth v. Carter*, 463 Pa. 310, 314, 344 A.2d 846, 848 (1975).

See also *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Zapata*, 455 Pa. 205, 314 A.2d 299 (1974); *Commonwealth v. Hudson*, 455 Pa. 117, 314 A.2d 231 (1974); *Commonwealth v. Sanger*, 453 Pa. 504, 309 A.2d 380 (1973).[12] As stated above trial counsel made oral post-verdict motions at the conclusion of appellant's trial. It was counsel's representation at this very important point of the proceedings that appellant claims was ineffective. The fol-

12. Appellant's counsel representing him on appeal is different than the one who represented him during the trial.

lowing colloquy constituted the entire effort of the court and trial counsel to advise appellant of his rights under Rule 1123(c). (Mr. Johnson was defense counsel).

THE COURT: Advise him of his rights to file motions.

BY MR. JOHNSON:

Q. Mr. Brooks, I want to advise you have the right to file motions for a new trial and motions in arrest of judgment. You have the right to appeal to the Superior Court to argue motions before the judge if you thought it was inappropriate. Do you understand that?

A. Yes.

Q. You have the right—

MR. JOHNSON: Would Your Honor indulge me for a moment.

MR. HEINMAN: Aggravated assault is punishable by a maximum of five years to ten years, sir.

THE COURT: How long has he been in?

MR. JOHNSON: Since the date of the incident, Your Honor.

The defendant requests that I make oral arguments at the present time.

■ It is apparent from the record that appellant was not fully advised of all his rights and the consequences of his decision. He was not informed that failure to raise an issue in the post-verdict motions would preclude him from raising it on appeal. Nor was he informed that he had a right to file written post-verdict motions within seven days.

From the record, we cannot say that appellant agreed to have defense counsel make oral post-verdict motions after being advised so scantily of his rights. Likewise, we cannot say that appellant voluntarily and understandingly waives his right to file written post-verdict motions. The situation confronting us in this appeal is very similar to that in *Commonwealth v. Miller*, 232 Pa.Super. 171, 335 A.2d 528 (1975). In that case we stated on 232 Pa.Super. 175, 335 A.2d 530 that "[u]nfortunately in this case the post-verdict colloquy fails to comply with Rule 1123(c), and more specifi-

cally it fails to comply with Rule 1123(c)(3) which warns the defendant that if he fails to raise a certain issue in post-verdict motions that issue cannot be raised on appeal. Therefore, we are forced to conclude that appellant's decision not to file post-verdict motions was not a deliberate, intelligent and voluntary act". Appellant raises issues on this appeal which were not raised in his post-verdict motions and consequently we may not address them. However, we cannot say that he voluntarily waived his right to file post-verdict motions because the trial court failed to fully advise him of the consequences of not raising issues in post-verdict motions. We therefore must remand the case to the trial court for the purpose of compliance with Rule 1123(c) and thereafter allow the appellant to file post-trial motions nunc pro tunc if he desires to do so. *Commonwealth v. Miller, supra; Commonwealth v. Dimitris*, 231 Pa.Super. 469, 331 A.2d 701 (1974).

Remanded for further proceedings consonant with this opinion.

HOFFMAN, J., concurs in the result.

PRICE, J., files a concurring opinion in which SPAETH, J., joins.

PRICE, Judge, concurring:

I agree with the majority that this case should be remanded to the court below for the ". . . purpose of compliance with Rule 1123(c) and thereafter allow the appellant to file post-trial motions nunc pro tunc if he desires to do so." (343) I do not believe, however, that any attorney, in light of the unusual delay in the commencement of trial in this case and the apparent lack of explanation thereof in the record, would fail to claim in post-verdict motions that the appellant's right to a speedy trial under Pa.R.Crim.P. 1100 was violated. I would therefore caution the court below that if such a claim is presented then a hearing must be

conducted in order to construct a record sufficient to enable proper review of the claim.

SPAETH, J., joins in this concurring opinion.