380 A.2d 875

**COMMONWEALTH of Pennsylvania**

v.

**Dennis P. HUDGENS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Dec. 2, 1977.

470

Charles J. Tague, Jr., Assistant Public Defender, Williamsport, for appellant.

Allen E. Ertel, District Attorney, Williamsport, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant, Dennis P. Hudgens, was charged with simple assault[1] following an incident that occurred at the Lycoming County Shelter facility on September 1, 1975. On January 19, 1976, he stood trial before a jury at No. 75–11,187 and was found guilty of that offense. The appellant had also been charged with attempted forgery,[2] No. 75–10,561, forgery[3] No. 76–10,175 and burglary,[4] No. 75–11,188. All three of these charges arose out of separate incidences. On March 1, 1976, after entering a plea of guilty to the three latter charges, appellant was sentenced on all four charges. On the charge of attempted forgery, No. 75–10,561, appellant was sentenced to pay the costs of prosecution, make restitution, if any, and undergo confinement in a state correctional facility for a term of not less than one year nor more than two years. On the charge of simple assault, No. 75–11,187, he was sentenced to pay the costs of prosecution, make restitution, if any, and undergo confinement in a state correctional facility for a period of time not less than one

1.  1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 2701.

2.  1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 901.

3.  1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 4101.

4.  1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 3502.

year nor more than two years. This sentence was to run concurrently with that imposed at No. 75–10,561. On the charge of forgery, No. 76–10,175, appellant was sentenced to pay the costs of prosecution, make restitution, if any, and undergo confinement in a state correctional facility for a period of time not less than two years nor more than five years. This sentence was to run concurrently with those imposed at No. 75–10,561 and No. 75–11,187. On the charge of burglary, No. 75–11,188, he was sentenced to pay the costs of prosecution, make restitution, if any, and undergo confinement in a state correctional facility for a period not less than two years nor more than ten years. This sentence was to run concurrently with those imposed at No. 75–10,561, No. 75–11,187 and No. 76–10,175.

Appellant raises at least one point of error on each of the four charges and the cases have been consolidated in this appeal. With respect to the three charges to which he pleaded guilty, appellant contends that the sentences imposed by the lower court were excessive. On the charge of simple assault, for which he was adjudged guilty by a jury, appellant argues that the sentence was excessive. In that case, no post-verdict motions were filed within the required time [5] and therefore appellant is raising the additional issues of ineffective counsel and failure to knowingly and voluntar-

---

**5.** Rule 1123 Post-Verdict Motions

(a) Within seven (7) days after a finding of guilt, the defendant may have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pretrial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Arguments shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued. If the grounds asserted do not require a transcript, neither the filing nor argument of post-verdict motions shall be delayed for lack of transcript of the notes of testimony.

(b) If the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial. The defendant may also within the seven (7) day period on the record voluntarily and understandingly waive the filing of post-verdict motions. Prior to the acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record that his waiving of post-verdict motions shall preclude his raising on appeal any issues which might have been raised in such motions.

ily waive his right to file post verdict motions. On March 1, 1976, when appellant entered his plea of guilty to the three other charges, defense counsel acknowledged that post verdict motions were not timely made, but asked that he be permitted to put something on the record. The lower court allowed counsel to proceed whereby he stated:

BY MR. TAGUE:

I believe that it would be insufficiency of the evidence and that the verdict was against the weight of the evidence, that the evidence was insufficient and the verdict was contrary to the law. I believe that Mr. Campana may know any more specific ones, he is unable to be here, he did want them put on the record, so if he could possibly add any, he might want to add in addition to that, I would request leave he be able to put those on the record even after he was sentenced on them.

Although these oral motions were not timely made, the lower court did entertain them and denied them. On this appeal, appellant alleges that his counsel was ineffective because he failed to file post-verdict motions. Appellant intimates that had he been permitted to file post-verdict motions he would at the least raise the issues of sufficiency of the evidence and trial counsel's failure to call witnesses that could have exculpated him.

The law is well settled that appellant can raise the issue of ineffective counsel on direct appeal. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). The standards to be applied in cases where the ineffectiveness of trial counsel is raised on appeal are also well established. In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), the Pennsylvania Supreme Court held that:

counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the

alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis. Id., 427 Pa. at 604, 235 A.2d at 352.

In *Commonwealth v. Dancer,* supra, the appellant, on appeal, listed the specific reasons why he was ineffectively represented by counsel and what counsel failed to do that resulted in his conviction. The Supreme Court held that the record was sufficient for a review of appellant's claims, but it was not satisfied that trial counsel's failure to present certain testimony was sufficient to support the claim that counsel was ineffective. However, in *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975), the same court held the other way. In that case, the court stated that it was unable to determine from the record the basis for counsel's decision in the matter. The court felt it was necessary to vacate the judgment of sentence and remand the case for an evidentiary hearing to determine why counsel chose the avenue he did in defending the appellant. If the lower court determined that counsel's alternative had some reasonable basis designed to effectuate the appellant's interest, then the judgment of sentence would be reinstated. However, if it was determined that counsel's decision did not meet the standard enumerated in *Maroney,* supra, then appellant was entitled to a new trial.

In the instant case, appellant, in his brief, merely alludes to two possible points of error which would have been raised in post-verdict motions. One issue mentioned was that trial counsel failed to call witnesses that would have exculpated him. However, appellant does not elaborate on who those witnesses would have been and what would have been the nature of their testimony. The other claim that appellant says he would have raised in post-verdict motions is that the evidence was insufficient to support the verdict. If this was the only issue, we would be able to confront it on appeal. However, since this issue is coupled with the allegation that certain witnesses were not called, arguably all of the evidence has not been presented and the

record is incomplete. Therefore, we are unable to determine from the record whether or not appellant's claims have any merit and whether or not trial counsel's decision not to file post-verdict motions conformed to the standards set forth in *Maroney, supra.* In light of *Commonwealth v. Twiggs, supra,* we must remand this case to the lower court for an evidentiary hearing on the issue of trial counsel's effectiveness.

On the three other charges where appellant entered a plea of guilty, he is raising the same issue. It is his contention that the sentences imposed were excessive. On the charge of burglary, he was sentenced to undergo imprisonment for a term from two to ten years. Burglary is a felony of the first degree[6] and a person convicted of that offense may be sentenced to a term of imprisonment, the maximum of which can be greater than ten years. The charge of forgery to which appellant entered a plea of guilty is a felony of the third degree[7] and subjects a person convicted of such to a term of imprisonment not to exceed seven years. The attempted forgery charge in this case carries the same penalty as the forgery. The sentences imposed by the lower court were all within the statutory limits and they were to run concurrently. Although we have the power to modify a sentence which is manifestly excessive and inflicts a punishment which is too severe, we must exercise that power only where the facts clearly warrant its necessity. *Commonwealth v. Zelnick,* 202 Pa.Super. 129, 195 A.2d 171 (1963). Otherwise, the general rule in this Commonwealth is clearly stated to be that the appellate courts will not interfere with the discretion of the trial court in the imposition of sentence. *Commonwealth v. Bilinski,* 190 Pa.Super. 401, 154 A.2d 322 (1959). Also see *Commonwealth v. Fitzgerald,* 101 Pa.Super. 308 (1931) and *Commonwealth v. Downer,* 161 Pa.Super. 339, 53 A.2d 897 (1947). Under the facts of the instant case we are not prepared to

**6.** 1972, Dec. 6, P.L. 1482, No. 334, § 106.

**7.** Id.

hold that the sentences imposed by the lower court are excessive. They all fall within the limits set forth in the statute and it was well within the authority of the lower court to impose them.

With respect to the charge of simple assault, No. 75–11,-187, we vacate the judgment of sentence and remand for an evidentiary hearing to determine why trial counsel elected not to file post-verdict motions and whether that decision had some reasonable basis designed to effectuate appellant's interests. If the lower court finds that there was no reasonable basis for counsel's decision, then appellant should be permitted to file post-verdict motions nunc pro tunc. However, if the lower court determines that counsel's decision not to file post-verdict motions had some reasonable basis then the judgment of sentence shall be reinstated. With respect to the charges of attempted forgery, forgery and burglary, the judgment of sentence is affirmed.

HOFFMAN, J., files a dissenting opinion in which SPAETH, J., joins.

PRICE, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

I agree with Judge PRICE that we should remand the instant case to the lower court for full compliance with Pa.R.Crim.P. 1123(c) and the proper filing of post-verdict motions *nunc pro tunc.* If these post-verdict motions raise claims of ineffective assistance of counsel, the lower court should conduct a hearing. However, I do not agree with Judge PRICE that we should not review trial court compliance with Rule 1123(c) in the absence of an allegation on appeal that appellant did not knowingly and voluntarily waive his right to file post-verdict motions. (At p. 477 n. 1). Indeed, in *Commonwealth v. Brown,* 248 Pa.Super. 289, 375 A.2d 102 (1977), our Court unanimously held that trial court compliance with Rule 1123(c) is a prerequisite to finding a waiver of issues not raised in post-verdict motions, regardless of whether an appellant contends that he did not

knowingly and voluntarily waive his right to file proper post-verdict motions.

SPAETH, J., joins in this dissenting opinion.

PRICE, Judge, dissenting:

I agree in most respects with the analysis applied to this case by the majority and I would likewise affirm the convictions of attempted forgery, forgery and burglary. I do not, however, believe that the proper disposition of the assault conviction herein, No. 75–11,187, is to vacate the judgment of sentence and remand for a hearing on the effectiveness of trial counsel. I therefore dissent.

In *Commonwealth v. Kinsey,* 249 Pa.Super. 1, 375 A.2d 727 (1977), we made the following observation.

"At the conclusion of trial, Rule 1123(c) assumes a position of primary importance. This section states:

'(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do as to set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal.'

Responsibility rests upon the trial judge to impart the above-recounted information to the defendant." *Commonwealth v. Kinsey, supra* 249 Pa.Super. at 5, 375 A.2d at 729.

The post-trial colloquy in this case was clearly defective in failing to meet the requirement of Pa.R.Crim.P. 1123(c)(3). At two points in its colloquy, the trial court skirts this necessary information. The relevant portions are as follows:

"You have the right to file a Motion for a New Trial within seven days on the grounds of trial errors prejudicial to you, or that the verdict is against the weight of the

evidence, or for any other possible reasons, the reasons however must be set forth in the motion. (N.T. 48–49).

.    .    .    .    .

If such motions are filed and the Court rules against you, you have the right to appeal such rulings to a higher Court with all of the same rights to the services of free counsel for such appeals as already explained with respect to the filing of such motions. If such motions are not filed, or are filed and later voluntarily withdrawn by you, the legal affect [sic] will be that the verdict will stand and you would be waiving or giving up your right to appeal to a higher Court." (N.T. 49).

Nowhere does the lower court inform the defendant that only those claims specifically asserted in post-trial motions may be raised on appeal.

"[I]n the absence of trial court compliance with Rule 1123(c), where the defendant seeks, on appeal, to raise an issue not properly preserved post-trial, no waiver theory may be applied.[1] This is equally true where no post-trial motions of any kind have been entered and where inadequate oral motions have been made. In either of these situations, the proper remedy is to remand to the court below for compliance with Rule 1123(c) and the filing of proper post-trial motions. *Commonwealth v. Miller,* 232 Pa.Super. 171, 335 A.2d 528 (1975); *Commonwealth v. Dimitris,* 231 Pa.Super. 469, 331 A.2d 701 (1974)." *Commonwealth v. Erhart,* 248 Pa.Super. 481, 493, 375 A.2d 342, 348, (1977) (concurring opinion by Price, J.).

The proper disposition in this case, both by my own reasoning and according to our prior decisions, is to remand to the trial court for full compliance with Pa.R.Crim.P. 1123 and, presumably, the filing of proper post-trial motions. If the post-trial motions raise claims of ineffectiveness requiring a hearing, a hearing should be held. Following the disposition of post-trial motions, appellant would have the right to another appeal to this court.

1. This statement presupposes that a claim of no voluntary and understanding waiver of post-trial motions is asserted on appeal, as it is in the instant case. *See* Appellant's Brief on No. 75–11,187 at 7.