407 A.2d 1316

**COMMONWEALTH of Pennsylvania**

v.

**Danny Lee EDWARDS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Decided July 26, 1979.

David K. James, III, Gettysburg, for appellant.

Robert G. Teeter, Assistant District Attorney, Gettysburg, did not file a brief on behalf of Commonwealth, appellee.

Before VAN der VOORT, WATKINS and LIPEZ, JJ.

LIPEZ, Judge:

As a result of a physical attack upon a woman with whom he was living, appellant was convicted, after a jury trial, of two counts of aggravated assault. Appellant filed post-verdict motions, but later withdrew them and proceeded to sentencing. The record shows that one aggravated assault conviction was under 18 Pa.C.S. § 2702(a)(1), while the other was under 18 Pa.C.S. § 2702(a)(4). Appellant was sentenced to three to ten years' imprisonment on each conviction, such sentences to run concurrently.

Appellant claims that his withdrawal and waiver of post-verdict motions was invalid because the trial court did not comply with Pa.R.Crim.P. 1123(c).[1] Specifically, he alleges the lower court's failure to advise him that only the grounds set forth in post-verdict motions may be raised on

---

1. Rule 1123(c) provides:
   Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of the right to file post-verdict motions and of the

appeal. His claim is supported by the record, since such language is absent from the trial transcript.[2] Any waiver of the right to file post-verdict motions must be scrutinized closely, *Commonwealth v. Brooks,* 250 Pa.Super. 333, 378 A.2d 963 (1977), and having done so, we conclude that the trial court's statements to appellant concerning post-verdict motions were insufficient to convey the information required by Rule 1123(c). It is therefore necessary to remand this case to the court below for the purpose of compliance with Rule 1123(c) and for filing of post-verdict motions nunc pro tunc. *Commonwealth v. Tate,* 473 Pa. 478, 375 A.2d 341 (1977); *Commonwealth v. Brooks, supra.*[3]

Judgments of sentence vacated and the cause remanded for proceedings consonant with this opinion.

VAN der VOORT, J., filed a dissenting opinion.

right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal.

2. The trial court informed appellant concerning post-verdict motions as follows:

Now, I want to advise you that you have the absolute right to file post-trial motions. These words may be new to you, but this simply means that your attorney will file in this Court papers which will bring before the Court the question of whether or not the evidence was sufficient to warrant these verdicts and whether or not the Court made any errors during the course of the trial. You have ten days in which to file these motions. If you do not file those motions, then you cannot appeal your case to a higher Court except on the ground of the legality of sentence that the Court may impose. If you file those motions, the Court must then rule upon those motions. If we sustain the motions, we may discharge you or we may award a new trial. If we overrule those motions, you will then be sentenced and then may appeal to a higher Court on the same matters which I mentioned earlier; that is whether or not the evidence was sufficient to warrant the verdicts and whether or not the Court made any errors at trial.

3. We also point out, in the interest of judicial economy, that the sentence of three to ten years' imprisonment on the aggravated assault conviction under section 2702(a)(4) is illegal. An offense under this subsection is a misdemeanor of the first degree, 18 Pa.C.S. § 2702(b), and the maximum sentence is five years. 18 Pa.C.S. § 1104(1).

VAN der VOORT, Judge, dissenting:

The primary issue in this case is whether or not the trial judge informed the defendant sufficiently of the requirements of Pa.R.Crim.P. 1123(c). The Majority holds that the trial judge did not advise the defendant that only the grounds set forth in post trial motions might be raised on appeal. The colloquy between the court, the appellant and his counsel appears in full in the Majority Opinion. In part of the colloquy the trial judge advised the defendant as follows:

". . . your attorney will file in this Court papers which will bring before the Court the question of whether or not the evidence was sufficient to warrant these verdicts and whether or not the Court made any errors during the course of the trial. You have ten days in which to file these motions. If you do not file these motions then you cannot appeal your case to a higher Court except on the ground of the legality of sentence that the Court may impose. If you file those motions, the Court must then rule upon those motions. . . ."

In my judgment this advice to the defendant and his counsel sufficiently alerted the appellant that only the grounds set forth in post trial motions could be raised on appeal.

I respectfully dissent and would affirm the judgment of sentence.