## Commonwealth *v.* Dimitris, Appellant.

Submitted September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Penn B. Glazier,* Assistant Public Defender, and *Theodore S. Danforth,* Public Defender, for appellant.

*Louise G. Herr,* Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., December 11, 1974:

On September 27, 1973, appellant, Harold G. Dimitris, was found guilty of burglary and larceny, false reporting of a criminal offense, and corrupting the morals of a minor and after sentencing on these charges, took a timely appeal.

The problem before us concerns section (c) of the newly adopted Rule 1123 of the Pennsylvania Rules of Criminal Procedure, set forth as follows:

"(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record:

"(1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein;

"(2) of the time within which he must do so as set forth in paragraph (a); and

"(3) that only the grounds contained in such motions may be raised on appeal."

The record shows a complete absence of any compliance with this Rule by the lower court. The record further shows that post-verdict motions were not filed by appellant and there was not a knowing and intelligent waiver of the appellant's right to file post-verdict mo-

tions. The appellant now wishes to raise certain issues on appeal and is precluded from doing so because such issues were not raised in post-verdict motions.

A similar situation arose in *Commonwealth v. Grillo*, 208 Pa. Superior Ct. 444, 222 A. 2d 427 (1966) and just recently in *Commonwealth v. Norman*, 456 Pa. 252 (1974). In both of these cases the remedy to this type of problem was to remand the case to the trial court for the purpose of allowing the appellant to file the motions nunc pro tunc. We feel that this is an equitable remedy and should be applied to this case.

Therefore this case is remanded to the trial court to allow the lower court to comply with Rule 1123 and to allow the appellant to file post-verdict motions nunc pro tunc if he wishes to do so.

It is so ordered.