Commonwealth *v.* Wardell, Appellant.

Submitted November 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Stephen H. Hutzelman,* and *Plate, Doyle, Kroto and Hutzelman,* for appellant.

*Daniel J. Kuhn,* Assistant District Attorney, *Bernard L. Siegel,* First Assistant District Attorney, and *R. Gordon Kennedy,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., February 27, 1975:

This case involves two appeals, which were consolidated and submitted together.

Appellant was tried before a jury and convicted of larceny.[1] When no post-trial motions were filed, he was sentenced to two to five years in prison. On January 17, 1974, the sentence was amended to one to five years. Appeal No. 196 April Term, 1974 is from that sentence.

On February 8, 1974, appellant petitioned the lower court to allow him to file motions in arrest of judgment and for a new trial *nunc pro tunc*. On March 14, 1974, the petition was denied without a hearing. Appeal No. 283 April Term, 1974 is from that denial.

We need consider only Appeal No. 283. It is controlled by *Commonwealth v. Fryberger*, 232 Pa. Superior Ct. 127, 334 A.2d 743 (1975), which cites and applies *Commonwealth v. Grillo*, 208 Pa. Superior Ct. 444, 222 A.2d 427 (1966). Those cases hold that where, as here, the record is silent on why post-trial motions were not filed, the record must be remanded for an evidentiary hearing to determine whether appellant "intentionally and intelligently relinquished" his right "to the assistance of counsel in the critical task of taking and perfecting an appeal . . . [which of necessity includes] counsel's assistance in the filing of post-trial motions." *Commonwealth v. Grillo, supra* at 448, 222 A.2d at 429.

If after the hearing the lower court determines that appellant did intentionally and intelligently waive his right to file post-trial motions, it shall enter an order to that effect, and appellant may then ask us to consider his appeal from the sentence (Appeal No. 196). If the lower court determines there was no waiver, it shall permit appellant to file post-trial motions *nunc pro tunc* and

---

1. Act of June 24, 1939, P.L. 872, §807, 18 P.S. §4807. Repealed. Act of Dec. 6, 1972, P.L. 1482, No. 334, §5, eff. 6 months from date of final enactment.

shall proceed to hear the motions. If the lower court denies the motions, it shall permit appellant to file an appeal *nunc pro tunc* from the sentence. *See Commonwealth v. Odenwalt,* 217 Pa. Superior Ct. 763, 268 A.2d 460 (1970). Appeal No. 196 will then be moot.

Remanded with a *procedendo*.

VAN DER VOORT, J., concurs in the result.