337 A.2d 821

COMMONWEALTH of Pennsylvania

v.

**David ASH, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 2, 1974.

Decided May 13, 1975.

Thomas J. Tomalis, Ronald J. Wydo, Thomas J. Glenn, Jr., Wilkes-Barre, for appellant.

Patrick J. Toole, Jr., Dist. Atty., Charles D. Lemmond, Jr., First Asst. Dist. Atty., Jerry B. Chariton, Asst. Dist. Atty., R. J. Gillespie, Sr., Hazelton, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION

PER CURIAM:

David Ash, the appellant, entered a plea of guilty in Luzerne County to murder generally. A three-judge court empaneled, pursuant to Rule 1115 [now 319A] of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix, conducted an evidentiary hearing and entered an adjudication finding Ash guilty of murder in the first degree. A sentence of life imprisonment was imposed. This direct appeal from the judgment of sentence was then filed.

The appeal claims two errors in the trial court proceedings, but neither issue is properly before us.

An examination of the record discloses that no post trial motions were ever filed in the trial court. In order to preserve an issue for appellate review, it is necessary that the issue be presented initially to the trial court for decision via post trial motions. And this is so, whether the conviction results from a trial or a plea of guilty. *Commonwealth v. Williams*, 459 Pa. 589, 330 A. 2d 854 (1975). Issues not raised in post trial motions are deemed waived and may not be raised on appeal. However, in order to be effective as a waiver, the decision not to file such motions must be made knowingly and intelligently. In other words, the appellant must have "a full knowledge and understanding of its consequential effect on [his] right to appeal". *Commonwealth v. Williams*, 459 Pa. at 592, 330 A.2d at 855.

Instantly, the record is silent as to whether or not Ash knew of his right to file post trial motions. It is likewise silent as to whether or not he was made aware of the "consequential effect on [his] right to appeal", if such motions were not filed.

Since the proceedings in the trial court were concluded long prior to the filing of our decision in *Com-*

*monwealth v. Williams*, supra, the record will be remanded to the trial court to determine, after an evidentiary hearing, if the failure to file post trial motions was knowing and intelligent. If the court determines it was not, then permission to file post trial motions, as if timely filed, should be granted.

In such instance, a new appeal may be filed by either party after the post trial motions are disposed of. If the court determines the failure to file post trial motions was knowing and intelligent, it should expeditiously report this finding and the supporting facts to this Court.

It is so ordered.

POMEROY and NIX, JJ., concur in the result.

JONES, C. J., dissents.

ROBERTS, J., took no part in the consideration or decision of this case.