Commonwealth *v.* Simmons, Appellant.

Submitted March 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Anthony S. Federico, Jr.,* Assistant Public Defender, for appellant.

*Edwin W. Frese, Jr.,* and *Marion E. MacIntyre,* Deputy District Attorneys, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., September 22, 1975:

Appellant, Virgil B. Simmons, was charged on Indictment Numbers 2077, 2078, and 2079 with resisting arrest, disorderly conduct, and aggravated assault. On January 17, 1974, he was tried before a judge and a jury and found guilty of resisting arrest, disorderly conduct, and the lesser included offense of simple assault. Sentencing was deferred pending the filing of post-trial motions. There is no indication in the record, however, that such motions were filed. Sentence was imposed on February 14, 1974. This appeal followed.

Appellant does not comment on his failure to file post-trial motions; he simply argues that the evidence was insufficient to support the verdicts. The Commonwealth, however, contends that appellant's failure to file post-trial motions precludes appellant from raising his argument on appeal.

It is true that failure to file post-trial motions may preclude raising an argument on appeal, *see Common-*

*wealth v. Reid,* 458 Pa. 357, 326 A.2d 267 (1974); *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972), but only if the failure was knowing and voluntary. *See Commonwealth v. Wardell,* 232 Pa. Superior Ct. 468, 334 A.2d 746 (1975); *Commonwealth v. Fryberger,* 232 Pa. Superior Ct. 127, 334 A.2d 743 (1975); *Commonwealth v. Grillo,* 208 Pa. Superior Ct. 444, 222 A.2d 427 (1966). That is not the situation presented here.

Rule 1123 of the Pennsylvania Rules of Criminal Procedure provides: "(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal."

This rule was adopted on June 8, 1973, and became effective forty-five days thereafter, which was several months before appellant's trial. In accordance with the rule, the trial judge did inform appellant that he had a right to file post-trial motions, that they had to be filed within seven days, and that if necessary counsel would be appointed to assist him. However, the judge did not tell appellant, as part 3 of the rule requires, that a failure to file post-trial motions would preclude appellant from arguing on appeal that there had been trial error. In fact, the judge intimated just the opposite. The record reads as follows:

"THE COURT: Mr. Simmons, you have been found guilty by a jury in all three cases. You have the right to file post-trial motions, these include the right to file motions for a new trial and motions in arrest of judgment, and if you desire to file any post-trial motions, you must do so within seven days from this date. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If you have funds and you desired to take either one of these courses, or any of these courses, you would be expected to use those funds to hire an attorney; if you have no funds an attorney would be furnished to you free of charge. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: What is your desire?

DEFENSE COUNSEL: Your Honor, I haven't had an opportunity to discuss this with him. We request a continuance.

THE COURT: We will defer sentencing for a period of seven days."

A similar situation was presented in *Commonwealth v. Dimitris*, 231 Pa. Superior Ct. 469, 331 A.2d 701 (1974). There, the defendant failed to file post-trial motions, but, as in the present case, the trial judge failed to comply with Rule 1123(c). As a result, we refused to find that the defendant had knowingly and voluntarily waived his right to file post-trial motions. Instead, we decided that the most equitable remedy would be to remand to the court below to allow it to comply with the rule and to allow the defendant to file post-trial motions *nunc pro tunc* if he so desired. Since the present case is almost identical to *Dimitris,* we make the same disposition here.

The case is remanded with a *procedendo*.