## Commonwealth *v.* Swain, Appellant.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles Ray Swain,* appellant, *in propria persona.*

*Mary Anne Motter Cullen,* Assistant District Attorney, *Ronald L. Buckwalter,* First Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., December 1, 1975:

In this appeal, from his conviction of robbery and conspiracy, appellant attempts to raise two issues. Unfortunately, appellant failed to file post-verdict motions in the court below; and, therefore, we are precluded from considering his issues. See *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975) ; *Commonwealth v. Coleman,* 458 Pa. 324 (1974). However, we cannot determine with certainty, from the state of the record before us, whether appellant's failure to file post-verdict motions was an intentional and intelligent relinquishment of his right to file such motions.

> "[W]here, as here, the record is silent on why post-trial motions were not filed, the record must be remanded for an evidentiary hearing to determine whether appellant 'intentionally and intelligently relinquished' his right 'to the assistance of counsel in the critical task of taking and perfecting an appeal . . . [which of necessity includes] counsel's assistance in the filing of post-trial motions'." *Commonwealth v. Wardell,* 232 Pa. Superior Ct. 468, 469 (1975).

324

Therefore, this case is remanded for a hearing at which time the validity of this waiver issue can be determined with the assistance of testimony from appellant, his trial counsel, and any other relevant evidence. If it is determined that appellant did not intentionally and intelligently waive his right to file post-verdict motions he shall be permitted to file such motions *nunc pro tunc*.

Remanded with a procedendo.