353 A.2d 450

COMMONWEALTH of Pennsylvania, Appellee,

v.

David ASH, Appellant.

Supreme Court of Pennsylvania.

Argued Dec. 2, 1974.

Decided March 17, 1976.

Thomas J. Tomalis, Ronald J. Wydo, Thomas J. Glenn, Jr., Wilkes-Barre, for appellant.

Patrick J. Toole, Jr., Dist. Atty., Charles D. Lemmond, Jr., 1st Asst. Dist. Atty., Jerry B. Chariton, Asst. Dist. Atty., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

David Ash plead guilty to murder generally in Luzerne County. A degree of guilt hearing ensued and subsequently, a finding of guilt of murder in the first degree was entered by the court. One week later, no post trial motions having been filed, the court sentenced Ash to life imprisonment. A direct appeal from the judgment of sentence was then filed in this Court asserting certain errors in the prosecution process.

█ When the appeal was presented and the record disclosed the claims of error had not been properly preserved for appellate review because of the failure to file post trial motions in the trial court,[1] we remanded the record to that court to determine if the decision by Ash not to file post trial motions was knowing and intelligent. See *Commonwealth v. Ash*, 461 Pa. 670, 337 A.2d 821 (1975).[2]

1. The record then before us was inadequate to determine if Ash has been informed of his right to file post trial motions.

2. In order to preserve a claim of error for appellate review, it must initially be presented to the trial court for decision via post

Pursuant to our mandate, the trial court conducted a hearing and then found Ash had been timely informed of his right to file post trial motions and knowingly and intelligently decided against it. The record fails to support the finding that Ash's decision was knowing and intelligent.

■ The record does establish that before sentence was imposed, the court informed Ash of his right to file post trial motions and called his attention to the fact that no such motions had been filed. However, the court did not advise Ash that failure to file these motions would have a consequential effect on his right to appeal. Additionally, it is undisputed in the record that Ash's trial counsel were of the opinion that since the conviction resulted from a guilty plea, no post trial motions were required to preserve errors for appellate review.[3] It was after receiving this advice from his counsel that Ash decided not to file any post trial motions. Under the circumstances, his decision was not knowing and intelligent.

The record is, therefore, again remanded to the trial court with directions to permit Ash to file post trial motions. If said motions are decided against Ash he may, if he desires, file a new appeal.

ROBERTS, J., took no part in the consideration or decision of this case.

trial motions, and this is so whether the conviction results from a trial or guilty plea. See *Commonwealth v. Williams*, 459 Pa. 589, 330 A.2d 854 (1975). If the issue is not raised in the trial court in the manner described it is deemed waived. However, to constitute an effective waiver, the decision not to file post trial motions must be knowing and intelligent. *Commonwealth v. Williams*, supra.

3. Trial counsels' confusion at the time is understandable. The judgment of sentence was imposed on July 1, 1970. It was in *Commonwealth v. Williams*, supra n. 2, that this Court stated for the first time that post trial motions were required to preserve issues for appellate review in cases where the conviction resulted from a guilty plea.