360 A.2d 735
**COMMONWEALTH of Pennsylvania**
**v.**
**Dale Edward WILLIAMS, Appellant.**

Superior Court of Pennsylvania.
June 28, 1976.

Benjamin Novak, Asst. Public Defender, Bellefonte, for appellant.

Charles C. Brown, Jr., Dist. Atty., Robert A. Mix, Asst. Dist. Atty., Bellefonte, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On July 22, 1974, appellant was convicted by a judge sitting without a jury of simple assault and was sentenced to pay costs and undergo incarceration for two months to two years, to begin at the expiration of a sentence appellant was then serving. No post-trial motions were filed. On August 16, 1974, a direct appeal was filed in this court.

Appellant's brief raises three issues: Did the lower court err in denying his demurrer; was the defense of self-defense available to him; and was his conduct a crime or only a breach of internal prison discipline?

Issues not raised by post-trial motions are waived and therefore may not be raised on direct appeal. *Commonwealth v. Schroth*, 458 Pa. 233, 328 A.2d 168 (1974); *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972). For the waiver to be effective, however, the record must affirmatively demonstrate that the defendant was aware of his right to file post-trial motions and

that he intelligently and voluntarily decided not to do so. *Commonwealth v. Schroth, supra; Commonwealth v. Fryberger,* 232 Pa.Super. 127, 334 A.2d 743 (1975).

Presumably recognizing that under these cases the three issues raised in his brief are not properly before us, appellant has filed a supplemental brief in which he states that he was not fully aware of his right to file post-trial motions.[1]

The record shows that immediately after sentencing appellant, the trial judge advised appellant of his right to file post-trial motions in these words:

> You have a right, now, to file post-trial motions and that means they must be filed within seven days and upon the ruling of the post-trial motions you have a right to appeal to the Superior Court and that would have to be taken within 30 days of the post-trial motions. If you cannot afford counsel, counsel will be provided for you without cost to perfect that appeal.

■ This statement was inadequate because it did not conform to Pa.R.Crim.P. 1123(c), which requires that "the trial judge shall advise the defendant on the record: . . . (3) that only the grounds contained in such motions may be raised on appeal." Thus it is possible that appellant, like the appellant in *Commonwealth v. Schroth, supra,* concluded that if he did not file post-trial motions, he would forgo having the trial court consider the errors he alleged, but would not prejudice his rights on appeal. In view of this possibility, the record is unclear as to whether appellant did intelligently and voluntarily decide not to file post-trial motions.

1. Appellant also states in his supplemental brief that before this appeal was filed counsel for both parties filed a joint petition for continuance so that an evidentiary hearing such as that held in *Commonwealth v. Schroth,* 458 Pa. 233, 328 A.2d 168 (1974), could be held, and that the lower court denied that petition. Since neither the petition nor the denial appear on the record, however, we cannot consider whether the lower court would have erred in denying the petition.

In these circumstances the record must be remanded for an evidentiary hearing. *Commonwealth v. Schroth, supra. Accord. Commonwealth v. Wardell,* 232 Pa.Super. 468, 334 A.2d 746 (1975). If the court finds appellant did not intelligently and voluntarily waive his right to file post-trial motions, it shall grant him leave to file the motions *nunc pro tunc.*

So ordered.