375 A.2d 198

**COMMONWEALTH of Pennsylvania**

v.

**James WALSH, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1975.

Decided June 29, 1977.

480

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PER CURIAM:

Appellant's post-verdict motions, filed on January 16, 1975, were argued on April 9, 1975, more than ten weeks after the Supreme Court announced in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), that only written motions would be considered by trial and appellate courts. Appellant is therefore foreclosed from arguing on this appeal claims other than those raised in his boiler-plate written motions. *Commonwealth v. Cornish*, 471 Pa. 256, 260, 370 A.2d 291, 293 (filed Feb. 28, 1977); *Commonwealth v. Bailey*, 463 Pa. 354, 357, 344 A.2d 869, 871 (1975); *Commonwealth v. Branch*, 239 Pa.Super. 17, 22 n. 3, 361 A.2d 435, 438 n. 3 (1976). However, appellant was not given the instruction required by Pa.R.Crim.P. 1123(c), and we cannot presume from such a silent record that appellant's failure to file written motions (other than boiler-plate motions) was knowing and voluntary. The case is therefore remanded for compliance with Rule 1123(c) and thereafter to permit appellant to file written post-verdict motions *nunc pro tunc*. *Commonwealth v. Miller*, 232 Pa.Super. 171, 335 A.2d 528

(1975); *Commonwealth v. Dimitris*, 231 Pa.Super. 469, 331 A.2d 701 (1974). Following the lower court's disposition of any further motions filed, either side shall be entitled to file a new appeal.

VAN der VOORT, J., dissents.