375 A.2d 139

**COMMONWEALTH of Pennsylvania**

v.

**Larry Wayne CATHEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided June 29, 1977.

Neil Carver, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On July 16, 1975, following a non-jury trial, appellant was convicted of receiving stolen property[1] and conspiracy.[2] Post-trial motions were filed, argued and denied, and appellant was sentenced to two concurrent terms of 6 to 23 months incarceration. His direct appeal is now before us. We affirm.

Appellant raises two claims in this appeal: (1) that the search of his room by police was violative of the 4th Amendment and the results thereof thus should have been suppressed; and (2) that the evidence was insufficient to support his conviction for receiving stolen property. We cannot reach appellant's first claim, as it has not been properly preserved for our review.

1.  18 Pa.C.S. § 3925.

2.  18 Pa.C.S. § 903.

Subsequent to the verdict in this case, appellant filed written post-trial motions pursuant to Pa.R.Crim.P. 1123(a) which alleged the following:

"1. The evidence was insufficient to sustain the verdict of the jury.

2. The verdict is contrary to the weight of the evidence.

3. The verdict is contrary to the weight of the evidence. [sic]

4. The verdict is contrary to the law."

The right to file further motions following the transcription of testimony was reserved, but neither the docket entries nor the record before us reflects such additional motions. In *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), our Supreme Court pointed out that Pa.R.Crim.P. 1123(a) requires written post-trial motions and that claims not preserved in accordance with the rule [such as oral motions made other than in compliance with Rule 1123(b)] would henceforth not be considered on appeal.

Rule 1123(c) requires that the defendant be informed of his appellate rights at the conclusion of trial. The record in this case reflects the following post-verdict colloquy:

[The Court:] "Mr. Cathey, you have seven days within which to make motions for a new trial and in arrest of judgment in this matter if you are not satisfied with the decision of this Court. If you want to appeal this case, in order to be able to appeal it, these motions must be made within seven days. The motions are a motion for a new trial or a motion in arrest of judgment or both motions. In the event that you decide to make those motions, you can ask the Court to appoint a lawyer for you and if you cannot afford to have one of your own, the Court will appoint one for you.

Mr. Carver: [Defendant's Counsel] Your Honor, I am court-appointed and I will make the motions. There won't be any difficulty there.

The Court: You have agreed with your counsel that these motions shall be made. Is that right?

The Defendant: Yes." (NT 34)

■ The information imparted by the trial judge was in substantial compliance with the requirements of Rule 1123(c). Although it would be greatly preferable for such a colloquy to contain a clear statement that only those issues raised in post-trial motions will be reviewable on appeal, several factors indicate that the lack of a more direct instruction on that particular point was not harmful here. First, the trial court emphasized the necessity of filing post-trial motions if the defendant wished to appeal. Second, the record indicates that trial counsel had previously discussed the filing of motions with the defendant and the latter had agreed that they should be filed. Third, written post-trial motions, although of the "boiler-plate" variety were properly filed within the mandated time period. On these facts, there is no violation of Rule 1123(c), *see Commonwealth v. Steffish*, 243 Pa.Super. 309, 365 A.2d 865 (1976), and appellant's suppression claim, not being preserved in accordance with Rule 1123(a), is waived. *Commonwealth v. Blair, supra.*

■ Appellant next challenges the sufficiency of the evidence to support his conviction for receiving stolen property. The record reflects the following facts. On November 18, 1974, at approximately 4:30 p. m., two friends or acquaintances of appellant came to his residence with several items of property which they said they had just stolen and asked appellant to hold them. These items included a rifle, which appellant recognized as belonging to his brother-in-law, a stereo and a coat. The two friends returned shortly thereafter and took away everything but the rifle, which they left with appellant. At approximately 11:30 p. m. of the same day appellant was arrested at his home. Immediately thereafter he was transported to a police station, given his *Miranda* warnings and questioned in regard to the burglary of his brother-in-law's apartment. Appellant subsequently accompanied two police officers back to his residence, led them to his bedroom, reached behind his bed and withdrew the rifle.

The statute, 18 Pa.C.S. § 3925, provides, in pertinent part:

"(a) Offense defined—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner."

Appellant admitted that he possessed the property, knowing it to be stolen. At trial, however, he asserted that it had been his intent to return the rifle to his brother-in-law. The lower court, in its opinion, stated:

"The evidence was uncontradicted that the defendant recognized and knew that the rifle belonged to his brother-in-law, Melvin Johnson. The evidence showed that the defendant had about five hours to return the rifle before his arrest at 11:30 p. m. During this time the defendant made no attempt to return the rifle to its owner who lived just a few blocks away. Instead, the defendant had the rifle behind a bed in his house. Clearly, the actions of the defendant show no intent to return the property."

"[T]he decision of whether to draw the inference of malice rests with the fact-finder, not an appellate court. It is the province of the trier of facts to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. *Commonwealth v. Smith,* 457 Pa. 638, 639, 326 A.2d 60, 61 (1974); *Commonwealth v. Paquette,* 451 Pa. 250, 257, 301 A.2d 837, 841 (1973); *Commonwealth v. Garvin,* 448 Pa. 258, 269, 293 A.2d 33, 39 (1972). The fact-finder is free to believe all, part, or none of the evidence. *Commonwealth v. Smith, supra; Commonwealth v. Roots,* 452 Pa. 535, 541, 306 A.2d 873, 877 (1973); *Commonwealth v. Williams,* 450 Pa. 158, 162, 299 A.2d 643, 645 (1973); *Commonwealth v. Oates,* 448 Pa. 486, 490, 295 A.2d 337, 339 (1972). In particular, the trier is permitted to disbelieve a defendant's assertion that he acted without malice. *Commonwealth v. Boyd,* 461 Pa. 17, 24, 334 A.2d 610, 613 (1975); *Commonwealth v. Robinson,* 452 Pa. 316, 323, 305 A.2d 354, 358 (1973)." *Commonwealth v. Murray,* 460 Pa. 605, 609, 334 A.2d 255, 257–58 (1975).

The evidence, viewed in the light most favorable to the Commonwealth, was clearly sufficient to support appellant's

conviction. Therefore, the judgment of sentence of the lower court is affirmed.

HOFFMAN, J., files a dissenting opinion in which SPAETH, J., joins.

HOFFMAN, Judge, dissenting:

I respectfully dissent. I would remand for the proper filing of post-verdict motions because the lower court failed to fully comply with Rule 1123(c), Pa.R.Crim.P.; 19 P.S. Appendix.

Rule 1123(c) provides: "Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of his right to file post-verdict motions and of his right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal." In the instant case, the trial court failed to advise appellant that "only the grounds contained in such motions may be raised on appeal." Appellant's counsel filed written, boiler-plate, post-verdict motions in contravention of the rule of *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), that all post-verdict motions must be specific in nature. As a consequence, the Majority holds that appellant waived his right to present his Fourth Amendment contention to our Court.

I cannot agree with the Majority's holding that the trial court "substantially complied" with the mandates of Rule 1123(c). The trial court failed to warn appellant and his counsel of the very rule that they ultimately violated: the rule that post-verdict motions must specifically raise the grounds to be reviewed by an appellate court. The Majority finds "substantial compliance" for three reasons. First, the Majority states that the trial court helped protect defendant's appellate rights by emphasizing the necessity of making post-verdict motions in order to secure appellate review. Appellant heeded this advice and filed written post-verdict motions. Second, the Majority emphasizes that appellant

discussed the procedure of filing post-verdict motions with his attorney. However, this discussion apparently offered appellant little protection because his counsel did not know the rule that only those grounds specifically raised in post-verdict motions may be raised on appeal. If the court had given the required Rule 1123(c)(3) instruction, perhaps either appellant or his counsel would have realized that boiler-plate post-verdict motions would be inadequate for purposes of appellate review. Finally, the Majority relies on the fact that boiler-plate motions were actually filed. However, appellant derived absolutely no protection from the filing of boiler-plate post-verdict motions. In short, appellant heeded every warning the lower court gave, but the Majority still finds a waiver of his invaluable appellate rights. Because the trial court failed to warn appellant of the very Rule 1123(c) requirement that undermines his appeal, I would remand for the proper filing of post-verdict motions.

SPAETH, J., joins in this Dissenting Opinion.