443 A.2d 1177

**COMMONWEALTH of Pennsylvania,**

v.

**Carl CIMINO, Appellant.**

Superior Court of Pennsylvania.

Submitted March 11, 1981.

Filed April 2, 1982.

Ronold J. Karasek, Bangor, for appellant.

William Platt, District Attorney, Allentown, for Commonwealth.

Before HESTER, CIRILLO and MONTGOMERY, JJ.

CIRILLO, Judge:

The issue in this appeal is whether the trial court's failure to advise the defendant of his post-trial rights prevented defendant from making a knowing and voluntary waiver of those rights.

Appellant was convicted following a trial without a jury in Lehigh County Court of retail theft, summary offense, and was sentenced to pay a $50.00 fine plus costs. The trial was conducted as a de novo proceeding upon summary criminal appeal of appellant's conviction at a magistrate's hearing.

During the trial, the court denied appellant's oral procedural motions because they did not comply with Lehigh County Rule 550(a)(5). Rule 550(a)(5) requires that procedural objections must be made in writing and filed at least ten days prior to the hearing and that failure to conform thereto constitutes a waiver of such motions. Appellant's alternate requests for a continuance to enable him to comply with Rule 550(a)(5), and to have the court accept his motions under advisement and to proceed with the trial were also denied.

The instant appeal from the judgment of sentence was taken on two grounds. First, that, since counsel was retained by appellant only two days prior to the trial de novo, it was impossible for him to satisfy Rule 550(a)(5), and therefore his procedural motions were improperly denied. Second, that the evidence presented at trial was insufficient for the court to find appellant guilty beyond a reasonable doubt.

The Commonwealth originally opposed the appeal on the ground that appellant failed to file post-trial motions for a new trial and in arrest of judgment, as required by Pa.R. Crim.P. 1123(a). The Commonwealth also filed a Petition to Quash the Appeal, which was denied without prejudice with permission to file a supplemental brief thereon. In said supplemental brief, the Commonwealth seeks to have the

case remanded to the lower court with the appellant granted leave to file post-trial motions nunc pro tunc, because the trial court did not advise appellant of his post-trial rights. We grant the Commonwealth's Petition.

This case is governed by *Commonwealth v. Steffish*, 243 Pa.Super. 309, 365 A.2d 865 (1976). Like the case at bar, *Steffish* involved the failure to file post-trial motions following a de novo proceeding which was an appeal of a summary offense conviction by a magistrate. Since the court found no evidence in the record that the trial court informed the defendant of his right to file post-trial motions, he was permitted to file said motions nunc pro tunc. The court's decision was based upon the principle that a defendant cannot knowingly and intelligently waive a right of which he was not aware.

Compare *Com. v. Rinier*, 255 Pa.Super. 166, 386 A.2d 560 (1977) in which the court remanded the case to the lower court for an evidentiary hearing on whether a waiver of post-trial motions was knowing and voluntary. In *Rinier*, the court found that the record did not indicate whether counsel's advice could adequately have substituted for the court's failure to advise the defendant of his appellate rights.

*Rinier* is not controlling on the case at bar. Trial counsel's filing of an appeal without making post-trial motions negates any possibility that his advice to the instant appellant could have adequately substituted for the trial court's advice that post-trial motions were prerequisite to appeal. *Rinier* at 567.

It should also be noted that it was the Commonwealth that suggested that the post-trial motions be allowed nunc pro tunc, citing *Steffish*, supra, in its brief in support of its Petition.

Further, the matter at bar involves a summary conviction. The policy of judicial economy, upon which the practice of waiver is based, would not best be served by adding an evidentiary hearing, as opposed to granting immediate leave

to file motions nunc pro tunc, especially since the motions are few and straightforward.

Accordingly, we grant the Commonwealth's Petition to Quash the defendant's appeal and remand to the trial court with leave for the defendant to file post-trial motions nunc pro tunc.